# EXHIBIT A

1  WILLIAM A. LEVIN, ESQ. (SBN 98592)
   LAUREL L. SIMES, ESQ. (SBN 134637)
2  SHANNON S. PATEL, ESQ. (SBN 239314)
   **LEVIN SIMES LLP**
3  44 Montgomery Street, 32nd Floor
   San Francisco, CA 94104
4  Telephone:    (415) 426-3000
   Facsimile:    (415) 426-3001
5  wlevin@levinsimes.com
   llsimes@levinsimes.com
6  spatel@levinsimes.com

7  Attorneys for Plaintiff
   MARY JEAN GOULD
8
                    **SUPERIOR COURT OF CALIFORNIA**
9
                      **COUNTY OF LOS ANGELES** ·
10
                       (UNLIMITED JURISDICTION)
11
12  MARY JEAN GOULD,                     Case No.    **BC 6 8 5 9 5 3**

13              Plaintiff,               **COMPLAINT FOR DAMAGES**

14      vs.                              1.   NEGLIGENCE
                                         2.   STRICT LIABILITY
15  ALBERTSONS COMPANIES, LLC,
16  INDIVIDUALLY AND AS SUCCESSOR-IN-    And Prayer for PUNITIVE DAMAGES
    INTEREST TO SAV-ON DRUGS, INC.;
17  ALBERTSONS COMPANIES, LLC,           (Asbestos)
    INDIVIDUALLY AND AS SUCCESSOR-IN-
18  INTEREST TO THE VONS COMPANIES, INC.;
19  ALBERTSONS COMPANIES, INC.,
    INDIVIDUALLY AND AS SUCCESSOR-IN-
20  INTEREST TO SAV-ON DRUGS, INC.;
    ALBERTSONS COMPANIES, INC.,
21  INDIVIDUALLY AND AS SUCCESSOR-IN-
    INTEREST TO THE VONS COMPANIES, INC.;
22  ALBERTSON'S LLC, FKA ALBERTSON'S, INC.,
    INDIVIDUALLY AND AS SUCCESSOR-IN-
23  INTEREST TO SAV-ON DRUGS, INC.;
24  ALBERTSON'S LLC, FKA ALBERTSON'S, INC.,
    INDIVIDUALLY AND AS SUCCESSOR-IN-
25  INTEREST TO THE VONS COMPANIES, INC.;
    BRENNTAG NORTH AMERICA, INC.,
26  INDIVIDUALLY AND AS SUCCESSOR-IN-
    INTEREST TO MINERAL PIGMENT
27  SOLUTIONS, INC. AND AS SUCCESSOR-IN-
28  INTEREST TO WHITTAKER, CLARK &

928712_1                    - 1 -        COMPLAINT FOR DAMAGES (PERSONAL
                                         INJURY)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 06 2017

Sherri R. Carter, Executive Officer/Clerk
By: _____ , Deputy
     Moses Soto

Date Served: 12/20/17
Company Served: J&J

2017024540  (N)

Personal Service            NA

DANIELS, INC.;
BRENNTAG SPECIALTIES, INC. FKA MINERAL PIGMENT SOLUTIONS, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO WHITTAKER, CLARK & DANIELS, INC.;
CBS CORPORATION, A DELAWARE CORPORATION, FORMERLY KNOWN AS VIACOM INC., SUCCESSOR BY MERGER TO CBS CORPORATION, A PENNSYLVANIA CORPORATION, FORMERLY KNOWN AS WESTINGHOUSE ELECTRIC CORPORATION;
CVS PHARMACY, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO SAV-ON DRUGS, INC.;
HONEYWELL INTERNATIONAL, INC., FKA ALLIED SIGNAL INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO THE BENDIX CORPORATION;
IMERYS TALC AMERICA, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO LUZENAC AMERICA, INC. SUCCESSOR-IN-INTEREST TO CYPRUS INDUSTRIAL MINERALS COMPANY;
JOHNSON & JOHNSON;
JOHNSON & JOHNSON CONSUMER INC.;
MCCOWAN FOODS, INC.;
THE VONS COMPANIES, INC.;
UNION CARBIDE CORPORATION;
WHITTAKER, CLARK & DANIELS, INC.;
and the FIRST DOE through THREE HUNDREDTH DOE, inclusive,

Defendants.

## DEMAND FOR JURY TRIAL

1.     Plaintiff herein, MARY JEAN GOULD, hereby requests a trial by jury as to all issues of material facts.

## GENERAL ALLEGATIONS

2.     The Plaintiff in this matter is MARY JEAN GOULD. The Plaintiff in this matter is referred to as "Plaintiff."

3.     Plaintiff MARY JEAN GOULD suffers from mesothelioma, an always fatal form of cancer only caused by exposure to asbestos. MARY JEAN GOULD was diagnosed with malignant

928712_1                                    - 2 -         COMPLAINT FOR DAMAGES (PERSONAL INJURY)

1   epithelioid mesothelioma of the pleura on or around September 7, 2017.

2       4.   The   Defendants   in   this   matter   are   ALBERTSONS   COMPANIES,   LLC,
3   INDIVIDUALLY   AND   AS   SUCCESSOR-IN-INTEREST   TO   SAV-ON   DRUGS,   INC.;
4   ALBERTSONS COMPANIES, LLC, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO
5   THE VONS COMPANIES, INC.; ALBERTSONS COMPANIES, INC., INDIVIDUALLY AND AS
6   SUCCESSOR-IN-INTEREST TO SAV-ON DRUGS, INC.; ALBERTSONS COMPANIES, INC.,
7   INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO THE VONS COMPANIES, INC.;
8   ALBERTSON'S LLC, FKA ALBERTSON'S, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-
9   INTEREST TO SAV-ON DRUGS, INC.; ALBERTSON'S LLC, FKA ALBERTSON'S, INC.,
10  INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO THE VONS COMPANIES, INC.;
11  BRENNTAG NORTH AMERICA, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST
12  TO   MINERAL   PIGMENT   SOLUTIONS,   INC.   AND   AS   SUCCESSOR-IN-INTEREST   TO
13  WHITTAKER, CLARK & DANIELS, INC.; BRENNTAG SPECIALTIES, INC. FKA MINERAL
14  PIGMENT   SOLUTIONS,   INC.,   INDIVIDUALLY   AND   AS   SUCCESSOR-IN-INTEREST   TO
15  WHITTAKER,   CLARK   &   DANIELS,   INC.;   CBS   CORPORATION,   A   DELAWARE
16  CORPORATION, FORMERLY KNOWN AS VIACOM INC., SUCCESSOR BY MERGER TO CBS
17  CORPORATION,   A   PENNSYLVANIA   CORPORATION,   FORMERLY   KNOWN   AS
18  WESTINGHOUSE ELECTRIC CORPORATION; CVS PHARMACY, INC., INDIVIDUALLY AND
19  AS SUCCESSOR-IN-INTEREST TO SAV-ON DRUGS, INC.; HONEYWELL INTERNATIONAL,
20  INC., FKA ALLIED SIGNAL INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO
21  THE BENDIX CORPORATION; IMERYS TALC AMERICA, INC., INDIVIDUALLY AND AS
22  SUCCESSOR-IN-INTEREST TO LUZENAC AMERICA, INC. SUCCESSOR-IN-INTEREST TO
23  CYPRUS   INDUSTRIAL   MINERALS   COMPANY;   JOHNSON   &   JOHNSON;   JOHNSON   &
24  JOHNSON CONSUMER INC.; MCCOWAN FOODS, INC.; THE VONS COMPANIES, INC.;
25  UNION CARBIDE CORPORATION; WHITTAKER, CLARK & DANIELS, INC.; and the FIRST
26  DOE through THREE HUNDRETH DOE, inclusive; and are corporations and/or limited liability
27  companies organized and existing under and by virtue of the laws of the State of California, or the laws
28  of some state or foreign jurisdiction, and that said defendants were and are authorized to do and are

928712_1                                                    - 3 -          COMPLAINT FOR DAMAGES (PERSONAL
                                                                           INJURY)

1    doing business in the State of California, and that said defendants have regularly conducted business in
2    the County of Los Angeles, State of California.

3        5.      The Defendants identified in the preceding paragraph, above, are hereinafter collectively
4    referred to as "**ASBESTOS DEFENDANTS**." The true names and capacities, whether individual,
5    corporate, associate, governmental or otherwise, of defendants FIRST DOE through THREE
6    HUNDREDTH DOE, inclusive, are unknown to Plaintiff at this time and Plaintiff therefore sues said
7    defendants by such fictitious names. When the true names and capacities of said defendants have been
8    ascertained, Plaintiff will amend this complaint accordingly. Plaintiff is informed and believes, and
9    thereon alleges, that each defendant designated herein as a DOE is responsible, negligently or in some
10   other actionable manner, for the events and happenings hereinafter referred to, and that each such
11   defendant proximately caused injuries and damages to the Plaintiff, as hereinafter alleged.

12       6.      Upon information and belief, and at all times herein mentioned, each of the **ASBESTOS**
13   **DEFENDANTS**, except as otherwise alleged, was the agent, servant, employee and/or joint venturer of
14   the other defendants, and each of them, and at all said times, each defendant was acting in the full course
15   and scope of said agency, service, employment and/or joint venture. Certain defendants agreed and
16   conspired among themselves, and with certain other individuals and/or entities, to act, or not to act, in
17   such a manner that resulted in injury to Plaintiff MARY JEAN GOULD; and such defendants, as co-
18   conspirators, are liable for the acts, or failures to act, of other conspiring defendants.

19       7.      Plaintiff alleges herein that Plaintiff MARY JEAN GOULD developed malignant
20   mesothelioma as a result of exposure to asbestos from Defendants' asbestos or asbestos-containing
21   products requiring or calling for the use of asbestos ("DEFENDANTS' PRODUCTS"), including:
22   ALBERTSONS COMPANIES, LLC, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO
23   SAV-ON DRUGS, INC. (as a supplier of asbestos-containing Johnson & Johnson Baby Powder and
24   Shower to Shower talcum powder); ALBERTSONS COMPANIES, LLC, INDIVIDUALLY AND AS
25   SUCCESSOR-IN-INTEREST TO THE VONS COMPANIES, INC. (as a supplier of asbestos-
26   containing Johnson & Johnson Baby Powder and Shower to Shower talcum powder); ALBERTSONS
27   COMPANIES, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO SAV-ON DRUGS,
28   INC. (as a supplier of asbestos-containing Johnson & Johnson Baby Powder and Shower to Shower

talcum powder); ALBERTSONS COMPANIES, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO THE VONS COMPANIES, INC. (as a supplier of asbestos-containing Johnson & Johnson Baby Powder and Shower to Shower talcum powder); ALBERTSON'S LLC, FKA ALBERTSON'S, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO SAV-ON DRUGS, INC. (as a supplier of asbestos-containing Johnson & Johnson Baby Powder and Shower to Shower talcum powder); ALBERTSON'S LLC, FKA ALBERTSON'S, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO THE VONS COMPANIES, INC. (as a supplier of asbestos-containing Johnson & Johnson Baby Powder and Shower to Shower talcum powder); BRENNTAG NORTH AMERICA, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO MINERAL PIGMENT SOLUTIONS, INC. AND AS SUCCESSOR-IN-INTEREST TO WHITTAKER, CLARK & DANIELS, INC. (as a supplier of asbestos-containing talc); BRENNTAG SPECIALTIES, INC. FKA MINERAL PIGMENT SOLUTIONS, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO WHITTAKER, CLARK & DANIELS, INC. (as a supplier of asbestos-containing talc); CBS CORPORATION, A DELAWARE CORPORATION, FORMERLY KNOWN AS VIACOM INC., SUCCESSOR BY MERGER TO CBS CORPORATION, A PENNSYLVANIA CORPORATION, FORMERLY KNOWN AS WESTINGHOUSE ELECTRIC CORPORATION; CVS PHARMACY, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO SAV-ON DRUGS, INC.; (as a supplier of asbestos-containing Johnson & Johnson Baby Powder and Shower to Shower talcum powder); HONEYWELL INTERNATIONAL, INC., FKA ALLIED SIGNAL INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO THE BENDIX CORPORATION; IMERYS TALC AMERICA, INC. INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO LUZENAC AMERICA, INC., SUCCESSOR-IN-INTEREST TO CYPRUS INDUSTRIAL MINERALS COMPANY (as a supplier of asbestos—containing talc); JOHNSON & JOHNSON (for Johnson & Johnson Baby Powder and Shower to Shower talcum powder); JOHNSON & JOHNSON CONSUMER INC. (for Johnson & Johnson Baby Powder and Shower to Shower talcum powder); MCCOWAN FOODS, INC. (as a supplier of asbestos-containing Johnson & Johnson Baby Powder and Shower to Shower talcum powder); THE VONS COMPANIES, INC. (as a supplier of asbestos-containing Johnson & Johnson Baby Powder and Shower to Shower talcum powder); UNION CARBIDE CORPORATION;

WHITTAKER, CLARK & DANIELS, INC. (as a supplier of asbestos-containing talc).

8.      Upon information and belief, and at all times herein mentioned, each of the **ASBESTOS DEFENDANTS** was the successor, successor in business, successor in product line or a portion thereof, parent, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity designing, manufacturing, assembling, packaging, modifying, selling, supplying, distributing, marketing, advertising and/or warranting a certain substance, the generic name of which is asbestos, and/or other products containing said substance. Said entities shall hereinafter collectively be called "alternate entities."  Each of the herein named **ASBESTOS DEFENDANTS** are liable for the tortuous conduct of each successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, subsidiary, alter-ego, whole of partial owner, or wholly or partially owned entity, or entity that it as a member of, or funded, that designed, manufactured, assembled, packaged, sold, supplied, distributed, marketed, advertised and/or warranted a certain substance, the generic name of which is asbestos, and/or other products containing said substance. The **ASBESTOS DEFENDANTS**, and each of them, are liable for the acts of each and every "alternate entity," and each of them, in that there has been a virtual destruction of Plaintiff's remedy against each such "alternate entity;" **ASBESTOS DEFENDANTS**, and each of them, have acquired the assets and product line of each such "alternate entity;" **ASBESTOS DEFENDANTS**, and each of them, caused the destruction of Plaintiff's remedy against each such "alternate entity;" each such **ASBESTOS DEFENDANT** has the ability to assume the risk-spreading role of each such "alternate entity;" and that each such **ASBESTOS DEFENDANT** enjoys the goodwill originally attached to each such "alternate entity."

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| ALBERTSONS COMPANIES, LLC | SAV-ON DRUGS, INC.<br>THE VONS COMPANIES, INC. |
| ALBERTSONS COMPANIES, INC. | SAV-ON DRUGS, INC.<br>THE VONS COMPANIES, INC. |

928712_1                              - 6 -        COMPLAINT FOR DAMAGES (PERSONAL INJURY)

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| ALBERTSON'S LLC | ALBERTSON'S, INC.<br>SAV-ON DRUGS, INC.<br>THE VONS COMPANIES, INC. |
| BRENNTAG NORTH AMERICA, INC. | MINERAL PIGMENT SOLUTIONS, INC.<br>WHITTAKER, CLARK & DANIELS, INC. |
| BRENNTAG SPECIALTIES, INC. | MINERAL PIGMENT SOLUTIONS, INC.<br>WHITTAKER, CLARK & DANIELS, INC. |
| CBS CORPORATION | WESTINGHOUSE ELECTRIC<br>CORPORATION |
| CVS PHARMACY, INC. | SAV-ON DRUGS, INC. |
| HONEYWELL INTERNATIONAL, INC. | THE BENDIX CORPORATION |
| IMERYS TALC AMERICA, INC. | LUZENAC AMERICA, INC.<br>CYPRUS INDUSTRIAL MINERALS<br>COMPANY |

## FIRST CAUSE OF ACTION – NEGLIGENCE

### (Personal Injuries)

*PLAINTIFF MARY JEAN GOULD COMPLAINS OF DEFENDANTS, AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE (PERSONAL INJURIES) ALLEGES:*

9.   Plaintiff MARY JEAN GOULD re-alleges and incorporates herein by reference each of the preceding paragraphs of this Complaint, as though fully stated herein.

10.   Upon information and belief, Plaintiff MARY JEAN GOULD'S exposure to asbestos and asbestos-containing products occurred at locations within the State of California including, but not limited to:

///

///

///

///

| Location of Exposure | Dates | Activities/Job Duties |
|---|---|---|
| Plaintiff's residences including but not limited to, residences in Los Angeles, CA; Honolulu, HI; Daly City, CA; Oakland, CA; San Pedro, CA; and, Thousand Palms, CA. | Approximately 1940s to 1979 | Personal use of talcum powder products. |

11.   Upon information and belief, and at all times herein mentioned, ASBESTOS DEFENDANTS, and each of them, were engaged in the business of designing, manufacturing, assembling, packaging, modifying, selling, supplying, distributing, marketing, advertising, warranting and/or handling a certain substance, the generic name of which is asbestos, and/or other products containing said substance.

12.   Upon information and belief, and at all times herein mentioned, the ASBESTOS DEFENDANTS, and each of them, negligently and carelessly researched, designed, tested and/or failed to test, manufactured and/or caused to be manufactured, sold, supplied, distributed, marketed, advertised and/or warranted a certain substance, the generic name of which is asbestos, and/or other products containing said substance; and  substance, and the other products containing said substance were capable of causing and did, in fact, proximately cause personal injuries to users and consumers, including but not limited to Plaintiff herein, while being used in a manner reasonably foreseeable to ASBESTOS DEFENDANTS, and each of them, thereby rendering said substance and said products unsafe and dangerous to the users and consumers.

13.   Upon information and belief, and at all times herein mentioned, the ASBESTOS DEFENDANTS, and each of them, designed, manufactured, sold, supplied, distributed, marketed, advertised and warranted finished products which incorporated asbestos therein by design, and which were designed to be used with asbestos and other products and materials containing asbestos; and each of the aforementioned finished products was designed and manufactured in such a manner that the ordinary use of said finished products resulted in the release of respirable asbestos fiber such that persons, including Plaintiff, that used such products were exposed to and inhaled asbestos fiber.

14.   Plaintiff herein, MARY JEAN GOULD was a purchaser, consumer and end user who used asbestos-containing products, whose defective design and manufacture caused the release of

928712_1                                      - 8 -        COMPLAINT FOR DAMAGES (PERSONAL INJURY)

1  asbestos referred to herein, and Plaintiff was exposed to asbestos in a manner that was reasonably
2  foreseeable to **ASBESTOS DEFENDANTS**, and each of them.

3      15.  Upon information and belief, and at all times herein mentioned, the **ASBESTOS**
4  **DEFENDANTS**, and each of them, failed to adequately warn purchasers, consumers, end users,
5  including Plaintiff herein, and others who would foreseeably come into contact with or otherwise be
6  exposed to asbestos from their asbestos and defective asbestos-containing and/or asbestos-releasing
7  products about the severe hazards posed by exposure to each of the **ASBESTOS DEFENDANTS'**
8  asbestos and asbestos-containing and asbestos-releasing products, including but not limited to lung
9  damage and increased risk of lung cancer and malignant mesothelioma.

10      16.  Each of the **ASBESTOS DEFENDANTS** failed to provide adequate warnings to
11  purchasers, consumers and end users of their products concerning the severe health hazards that
12  exposure to, and inhalation of, asbestos released by and from their products and as a result of their
13  conduct, posed to purchasers, consumers and/or end users of said products and conduct, including
14  Plaintiff MARY JEAN GOULD herein, including the risk of severe lung damage, increased risk of
15  asbestosis, lung cancer and malignant mesothelioma.  At all times herein mentioned **ASBESTOS**
16  **DEFENDANTS**, and each of them, had constructive and actual knowledge of the aforementioned
17  hazards and risks to human health posed by their products and conduct.

18      17.  Plaintiff MARY JEAN GOULD is informed and believes, and thereon alleges, that
19  mesothelioma is a progressive, terminal and latent form of cancer caused by inhalation of asbestos
20  fibers.

21      18.  Upon information and belief, at the time of her exposure to asbestos, Plaintiff MARY
22  JEAN GOULD was not aware that exposure to asbestos presented any risk of injury and/or disease to
23  him, and had not been advised or informed by anyone that he could contract any disease, sickness or
24  injury as a result of using Defendants' products which contained and/or incorporated asbestos.

25      19.  As a direct and proximate result of the aforesaid conduct of the **ASBESTOS**
26  **DEFENDANTS**, and each of them, Plaintiff MARY JEAN GOULD has incurred, is presently incurring
27  and will incur in the future liability for physicians, nurses, hospital care, medicine, hospitals, x-rays and
28  other medical care and treatment, the true and exact amount thereof being unknown to Plaintiff at this

1   time. Plaintiff prays leave to amend this Complaint accordingly when the true and exact cost thereof is
2   ascertained.

3          20.     Plaintiff has lost pre-judgment interest pursuant to Civil Code section 3291, the exact
4   amount of which Plaintiff prays leave to insert herein when finally ascertained.

5          21.     In researching, testing, designing, manufacturing, labeling, selling, distributing,
6   advertising and/or marketing said products, **ASBESTOS DEFENDANTS**, and each of them, did so
7   with conscious disregard for the safety of the users and consumers of said product who would
8   foreseeably come into contact with said products and/or the asbestos released therefrom. **ASBESTOS**
9   **DEFENDANTS**, and each of them, had specific prior knowledge that there was a high risk of injury or
10  death resulting from exposure to asbestos or asbestos products, including but not limited to increased
11  risk of developing severe and terminal diseases such as mesothelioma.  Said knowledge was obtained, in
12  part, from scientific studies, government data, industrial literature and medical data to which each of the
13  **ASBESTOS DEFENDANTS** had access, as well as scientific studies performed by, at the request of, or
14  with the assistance of each of the **ASBESTOS DEFENDANTS** and which knowledge was obtained by
15  each of the **ASBESTOS DEFENDANTS** on or before 1933, and thereafter.

16         22.     On or before 1933, and thereafter, each of the **ASBESTOS DEFENDANTS** were aware
17  that users of asbestos and asbestos products, as well as members of the general public who would be
18  exposed to asbestos and asbestos products, had no knowledge or information indicating that asbestos
19  could cause injury, and each of the **ASBESTOS DEFENDANTS** knew that the users of asbestos and
20  asbestos products, as well as members of the general public who were exposed to asbestos and asbestos
21  products, would assume, and in fact did assume, that exposure to asbestos and asbestos products was
22  safe, when in fact said exposure was extremely hazardous to human life.

23         23.     With said knowledge, each of the **ASBESTOS DEFENDANTS** opted to design,
24  manufacture, sell, distribute, advertise, market and/or warrant said asbestos and asbestos-containing
25  products without attempting to protect purchasers, consumers, end users and others who would
26  foreseeably be exposed to asbestos from such products of the high risk of injury or death resulting from
27  exposure to asbestos and asbestos-containing products.  Rather than attempting to warn and/or protect
28  purchasers, consumers and/or end users from the high risk of injury or death resulting from exposure to

928712_1                          - 10 -      COMPLAINT FOR DAMAGES (PERSONAL
                                              INJURY)

asbestos and asbestos-containing products, each of the **ASBESTOS DEFENDANTS** intentionally failed to reveal their knowledge of said risks, and fraudulently, knowingly, consciously and actively concealed and suppressed said knowledge from purchasers, consumer, end users and other members of the general public including Plaintiff herein.

24.     **ASBESTOS DEFENDANTS**, and each of them, suppressed from all consumers, including Plaintiff MARY JEAN GOULD, medical and scientific information concerning the health hazards associated with inhalation of asbestos, including the substantial risk of injury or death therefrom.   Although Defendants, and each of them, knew of the substantial risks associated with exposure to asbestos, they willfully and knowingly concealed such information from users, bystanders, and household members of their asbestos and/or asbestos-containing products in conscious disregard of the rights, safety and welfare of "exposed persons" including Plaintiff.

25.     **ASBESTOS DEFENDANTS**, and each of them, belonged to, participated in, and financially supported industry organizations including, but not limited to, the Cosmetic Toiletry and Fragrance Association (now Personal Care Products Council), Gypsum Association, Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf of Defendants, and each of them, actively promoted the suppression of information about the dangers of asbestos to users, bystanders, and household members of the aforementioned products and  materials, thereby misleading Plaintiff, MARY JEAN GOULD, as to the safety of their products.  Through their participation and association with such industry organizations, Defendants, and each of them, knowingly and deliberately concealed and suppressed the true information regarding asbestos and its dangers, and propagated misinformation intended to instill in users of Defendants' products a false security about the safety of their products.

26.     **ASBESTOS DEFENDANTS**, and each of them, and their officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified and had full knowledge of, or should have known of, each of the acts set forth herein. **ASBESTOS DEFENDANTS** are liable for the oppressive and malicious acts of their "alternate entities", and each of them, and each Defendant's officers, directors, and managing agents, participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their "alternate entities" as set

forth herein.

27.     The above referenced conduct of each of the **ASBESTOS DEFENDANTS** was motivated by the financial interest of each of the **ASBESTOS DEFENDANTS** in the continuing, uninterrupted manufacture, distribution and marketing of asbestos and asbestos-containing products. In pursuance of said financial motivation, each of the **ASBESTOS DEFENDANTS** consciously disregarded the safety of those who used said asbestos and asbestos-containing products, as well as all of those who would foreseeably be exposed to asbestos as a result of each of the **ASBESTOS DEFENDANTS'** conduct. **ASBESTOS DEFENDANTS**, and each of them, were consciously willing to permit asbestos and asbestos products to cause injury to purchasers, consumers and end users thereof, and all others who would foreseeably be exposed to asbestos released from such asbestos and/or asbestos-containing products, including but not limited to Plaintiff MARY JEAN GOULD herein.

28.     As the above referenced conduct of each of the **ASBESTOS DEFENDANTS** was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and in conscious disregard and indifference to the safety and health of persons exposed to asbestos and asbestos products, including Plaintiff MARY JEAN GOULD herein, for the sake of example, and by way of punishing each of the **ASBESTOS DEFENDANTS**, seeks punitive damages according to proof.

29.     As a direct and proximate result of such intentional conduct by **ASBESTOS DEFENDANTS**, and each of them as aforesaid, Plaintiff MARY JEAN GOULD has suffered severe and permanent injuries, including, but not limited to, mesothelioma and other bodily damages, all to her general damages in a sum invoking the unlimited jurisdiction of the Court.

WHEREFORE, Plaintiff MARY JEAN GOULD prays for judgment against **ASBESTOS DEFENDANTS**, their "alternate entities" and each of them, as herein set forth.

## SECOND CAUSE OF ACTION – STRICT LIABILITY

*AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR STRICT LIABILITY, PLAINTIFF MARY JEAN GOULD COMPLAINS OF THE ASBESTOS DEFENDANTS, AND EACH OF THEM, AND ALLEGES AS FOLLOWS:*

30.     Plaintiff MARY JEAN GOULD re-alleges and incorporates herein by reference each of the preceding paragraphs of this Complaint.

928712_1                                    - 12 -     COMPLAINT FOR DAMAGES (PERSONAL
                                                        INJURY)

31.     Upon information and belief, **ASBESTOS DEFENDANTS**, and each of them, researched, designed manufactured, tested or failed to test, inspected or failed to inspect, labeled, sold, distributed, advertised, marketed and/or warranted, a certain substance, the generic name of which is asbestos, and other products containing said substance, which substance and products containing said substance are defective, in that the same was capable of causing and did, in fact, cause personal injuries, including mesothelioma and other bodily damage, to purchasers, consumers, end users and others who were foreseeably exposed to asbestos from said asbestos and products containing asbestos, including Plaintiff MARY JEAN GOULD herein, while said asbestos and products containing asbestos were used in a reasonably foreseeable manner, thereby rendering the same unsafe and dangerous for use by purchasers, consumers and/or end users exposed thereto; said **ASBESTOS DEFENDANTS**, and each of them, further failed to adequately warn of the risks to which Plaintiff MARY JEAN GOULD and others similarly situated were exposed.

32.     As a direct and proximate result of the conduct, acts and omissions of each of the **ASBESTOS DEFENDANTS** as set forth above, Plaintiff MARY JEAN GOULD has suffered the injuries and damages as previously set forth herein including those alleged in the First and Second Causes of Action, inclusive.

WHEREFORE, Plaintiff MARY JEAN GOULD prays for judgment against **ASBESTOS DEFENDANTS**, and each of them, as follows:

1.   For Plaintiff's general damages according to proof;

2.   For Plaintiff MARY JEAN GOULD'S medical and related expenses according to proof;

3.   For Plaintiff's prejudgment interest according to proof, pursuant to Civil Code section 3291;

4.   As to those **ASBESTOS DEFENDANTS**, and each of them, named in the First Cause of Action, for exemplary or punitive damages according to proof;

5.   For Plaintiff's costs of suit herein provided in California Code of Civil Procedure Sections 998 and 1032 and related provisions of law; and,

///

///

928712_1                           - 13 -      COMPLAINT FOR DAMAGES (PERSONAL INJURY)

6.     For such other and further relief as this Court deems just and proper.

Dated: December 5, 2017                    **LEVIN SIMES LLP**

                                          Shannon S. Patel
                                          Attorneys for Plaintiff

928712_1                          - 14 -    COMPLAINT FOR DAMAGES (PERSONAL
                                            INJURY)

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** ALBERTSONS COMPANIES, LLC,
*(AVISO AL DEMANDADO):* INDIVIDUALLY AND AS SUCCESSOR-IN-
INTEREST TO SAV-ON DRUGS, INC. [ADDITIONAL PARTIES
ATTACHMENT FORM IS ATTACHED]

DEC 2 0 2017

**CONFORMED COPY
ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**DEC 0 6 2017**

Sherri R. Carter, Executive Officer/Clerk
By: _____, Deputy
Moses Soto

**YOU ARE BEING SUED BY PLAINTIFF:** MARY JEAN GOULD
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
STANLEY MOSK
111 NORTH HILL STREET
LOS ANGELES, CA 90012

**CASE NUMBER:**
*(Número del Caso)* BC 685953

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
SHANNON S. PATEL, ESQ. (SBN 239314)       (415) 426-3000       (415) 426-3001
LEVIN SIMES LLP
44 MONTGOMERY STREET, 32ND FLOOR
SAN FRANCISCO, CA 94104      SHERRI R. CARTER

DATE: **DEC 0 6 2017**          Clerk, by _____ M. Soto_____, Deputy
*(Fecha)*                       *(Secretario)*                                          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [x] on behalf of *(specify):* JOHNSON & JOHNSON

under: [x] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
       [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

SUM-200(A)

| SHORT TITLE:   GOULD vs.ALBERTSONS COMPANIES, LLC, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO SAV-ON DRUGS, INC., et al. | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

ALBERTSONS COMPANIES, LLC, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO THE VONS COMPANIES, INC.;
ALBERTSONS COMPANIES, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO SAV-ON DRUGS, INC.;
ALBERTSONS COMPANIES, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO THE VONS COMPANIES, INC.;
ALBERTSON'S LLC, FKA ALBERTSON'S, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO SAV-ON DRUGS, INC.;
ALBERTSON'S LLC, FKA ALBERTSON'S, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO THE VONS COMPANIES, INC.;
BRENNTAG NORTH AMERICA, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO MINERAL PIGMENT SOLUTIONS, INC. AND AS SUCCESSOR-IN-INTEREST TO WHITTAKER, CLARK & DANIELS, INC.;
BRENNTAG SPECIALTIES, INC. FKA MINERAL PIGMENT SOLUTIONS, INC'S, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO WHITTAKER, CLARK & DANIELS, INC.;
CBS CORPORATION, A DELAWARE CORPORATION, FORMERLY KNOWN AS VIACOM INC., SUCCESSOR BY MERGER TO CBS CORPORATION, A PENNSYLVANIA CORPORATION, FORMERLY KNOWN AS WESTINGHOUSE ELECTRIC CORPORATION;
CVS PHARMACY, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO SAV-ON DRUGS, INC.;
HONEYWELL INTERNATIONAL, INC., FKA ALLIED SIGNAL INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO THE BENDIX CORPORATION;
IMERYS TALC AMERICA, INC.,
INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO LUZENAC AMERICA, INC. SUCCESSOR-IN-INTEREST TO CYPRUS INDUSTRIAL MINERALS COMPANY;
JOHNSON & JOHNSON;
JOHNSON & JOHNSON CONSUMER INC.;
MCCOWAN FOODS, INC.;
THE VONS COMPANIES, INC.;
UNION CARBIDE CORPORATION;
WHITTAKER, CLARK & DANIELS, INC.;
and the FIRST DOE through THREE HUNDREDTH DOE, inclusive.

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**


Legal Solutions Plus

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| SHANNON S. PATEL, ESQ. (SBN 239314)<br>LEVIN SIMES LLP<br>44 MONTGOMERY STREET, 32ND FLOOR<br>SAN FRANCISCO, CA 94104<br><br>TELEPHONE NO.: (415) 426-3000    FAX NO.: (415) 426-3001<br>ATTORNEY FOR *(Name)*: PLAINTIFF MARY JEAN GOULD | **CONFORMED COPY<br>ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**DEC 06 2017**<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: _____, Deputy<br>Moses Soto |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, 90012
BRANCH NAME:

CASE NAME: GOULD vs. ALBERTSONS COMPANIES, LLC, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO SAV-ON DRUGS, INC., et al.

| CIVIL CASE COVER SHEET<br>[x] Unlimited    [ ] Limited<br>(Amount          (Amount<br>demanded       demanded is<br>exceeds $25,000) $25,000 or less) | Complex Case Designation<br>[ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER BC 685953<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1-6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [x] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Writ of mandate (02) | |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

2. This case [x] is    [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [x] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive

4. Number of causes of action *(specify)*: 2 (TWO)

5. This case [ ] is  [x] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date:
SHANNON S. PATEL, ESQ. (SBN 239314)                    ▶
_____              _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET**    Legal<br>Solutions<br>Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach—Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: GOULD vs. ALBERTSONS COMPANIES, LLC, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO SAV-ON DRUGS, INC., et al. | CASE NUMBER | BC 6 8 5 9 5 3 |
|---|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES   CLASS ACTION? [ ] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL 10 [ ] HOURS/ [X] DAYS

**Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):**

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons – See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | [ ] A6070 Asbestos Property Damage <br> [X] A7221 Asbestos - Personal Injury/Wrongful Death | 2. <br> (2.) |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons <br> [ ] A7240 Other Professional Health Care Malpractice | 1., 4. <br> 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 Premises Liability (e.g., slip and fall) <br> [ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) <br> [ ] A7270 Intentional Infliction of Emotional Distress <br> [ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. <br> 1., 4. <br> 1., 3. <br> 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: GOULD vs. ALBERTSONS COMPANIES, LLC, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO SA | CASE NUMBER | |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation    Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: GOULD vs. ALBERTSONS COMPANIES, LLC, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO SA | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: GOULD vs. ALBERTSONS COMPANIES, LLC, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO SAV-ON DRUGS, INC., et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | | | ADDRESS: MCCOWAN FOODS, INC.<br>1932 S. WALKER AVE. |
|---|---|---|---|
| ☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | | | |
| CITY:<br>SAN PEDRO | STATE:<br>CA | ZIP CODE:<br>90731 | |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the  STANLEY MOSK  courthouse in the  CENTRAL  District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: DECEMBER 5, 2017

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

**The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.**

**There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).**

**In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.**

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**
- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR - ADR may not be suitable for every dispute.**
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

- **Arbitration**

    In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

    Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

- **Mandatory Settlement Conference (MSC)**

    Settlement Conferences are appropriate in any case where settlement is an option. Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

    The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

    In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program.  Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at
http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

<div align="center">

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

</div>

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



Superior Court of California
County of Los Angeles



Los Angeles County
Bar Association
Litigation Section

Los Angeles County
Bar Association Labor and
Employment Law Section



Consumer Attorneys
Association of Los Angeles



Southern California
Defense Counsel



Association of
Business Trial Lawyers



California Employment
Lawyers Association

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆Los Angeles County Bar Association Litigation Section◆

◆ Los Angeles County Bar Association
Labor and Employment Law Section◆

◆Consumer Attorneys Association of Los Angeles◆

◆Southern California Defense Counsel◆

◆Association of Business Trial Lawyers◆

◆California Employment Lawyers Association◆

LACIV 230 (NEW)
LASC Approved 4-11

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| **TELEPHONE NO.:**           **FAX NO. (Optional):** <br> **E-MAIL ADDRESS (Optional):** <br> **ATTORNEY FOR (Name):** | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1.  The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a.  Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b.  Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c.  Exchange of names and contact information of witnesses;

    d.  Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e.  Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f.  Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g.  Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    (INSERT DATE)                                           (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____                    ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____                    ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____                    ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____                    ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____                    ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____                    ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____                    ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):          FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

    i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

    ii. Include a brief summary of the dispute and specify the relief requested; and

    iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

    i. Also be filed on the approved form (copy attached);

    ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
| | |

   iii.   Be filed within two (2) court days of receipt of the Request; and

   iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR_____)

➢ _____
(ATTORNEY FOR_____)

➢ _____
(ATTORNEY FOR_____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
|---|
| COURTHOUSE ADDRESS: |
| PLAINTIFF: |
| DEFENDANT: |

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

| | | |
|---|---|---|
| Date: | | |
| (TYPE OR PRINT NAME) | ➤ | (ATTORNEY FOR PLAINTIFF) |
| Date: | | |
| (TYPE OR PRINT NAME) | ➤ | (ATTORNEY FOR DEFENDANT) |
| Date: | | |
| (TYPE OR PRINT NAME) | ➤ | (ATTORNEY FOR DEFENDANT) |
| Date: | | |
| (TYPE OR PRINT NAME) | ➤ | (ATTORNEY FOR DEFENDANT) |
| Date: | | |
| (TYPE OR PRINT NAME) | ➤ | (ATTORNEY FOR ______________) |
| Date: | | |
| (TYPE OR PRINT NAME) | ➤ | (ATTORNEY FOR ______________) |
| Date: | | |
| (TYPE OR PRINT NAME) | ➤ | (ATTORNEY FOR ______________) |

**THE COURT SO ORDERS.**

Date: ______________________ ______________________

JUDICIAL OFFICER

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)
Case Number _____

BC 6 8 5 9 5 3

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judge indicated below. There is more information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|
| Hon. Debre K. Weintraub | 1 | 534 | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Deirdre Hill | 49 | 509 | |
| Hon. Terry A. Green | 14 | 300 | Hon. Teresa A. Beaudet | 50 | 508 | |
| Hon. Richard Fruin | 15 | 307 | Hon. Michael J. Raphael | 51 | 511 | |
| Hon. Rita Miller | 16 | 306 | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Richard E. Rico | 17 | 309 | Hon. Howard L. Halm | 53 | 513 | |
| Hon. Stephanie Bowick | 19 | 311 | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Dalila Corral Lyons | 20 | 310 | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Robert L. Hess | 24 | 314 | Hon. Michael Johnson | 56 | 514 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. John P. Doyle | 58 | 516 | |
| Hon. Barbara Scheper | 30 | 400 | Hon. Gregory Keosian | 61 | 732 | |
| Hon. Samantha Jessner | 31 | 407 | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Daniel S. Murphy | 32 | 406 | Hon. Mark Mooney | 68 | 617 | |
| Hon. Michael P. Linfield | 34 | 408 | Hon. William F. Fahey | 69 | 621 | |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Monica Bachner | 71 | 729 | |
| Hon. Marc Marmaro | 37 | 413 | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Rafael Ongkeko | 73 | 733 | . |
| Hon. Elizabeth Feffer | 39 | 415 | Hon. Michelle Williams Court | 74 | 735 | |
| Hon. David Sotelo | 40 | 414 | Hon. Gail Ruderman Feuer | 78 | 730 | |
| Hon. Holly E. Kendig | 42 | 416 | | | | |
| Hon. Mel Red Recana | 45 | 529 | Hon. Steven J. Kleifield | 324 | CCW | K |
| Hon. Frederick C. Shaller | 46 | 500 | *Provisionally Complex Non-class Action Cases Assignment is Pending Complex Determination | 308 | CCW | |
| Hon. Randolph Hammock | 47 | 507 | | | | |

### *Complex

All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   SHERRI R. CARTER, Executive Officer/Clerk

By _____, Deputy Clerk

- NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE

WILLIAM A. LEVIN, ESQ. (SBN 98592)
LAUREL L. SIMES, ESQ. (SBN 134637)
SHANNON S. PATEL, ESQ. (SBN 239314)
**LEVIN SIMES LLP**
44 Montgomery Street, 32nd Floor
San Francisco, California 94104
Telephone:    (415) 426-3000
Facsimile:    (415) 426-3001
wlevin@levinsimes.com
llsimes@levinsimes.com
spatel@levinsimes.com

Attorneys for Plaintiff
MARY JEAN GOULD

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 06 2017

Sherri R. Carter, Executive Officer/Clerk
By: _____, Deputy
Moses Soto

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

## (UNLIMITED JURISDICTION)

| | |
|---|---|
| MARY JEAN GOULD, | Case No.  BC 685953 |
| Plaintiff, | **PLAINTIFF'S NOTICE OF POSTING JURY FEE DEPOSIT** |
| vs. | |
| ALBERTSONS COMPANIES, LLC, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO SAV-ON DRUGS, INC., et al. | |
| Defendants. | |

**TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff Mary Jean Gould posted jury fees on December 5, 2017, in the amount of $150.00, pursuant to California Code of Civil Procedure Section 631(b) in the above-captioned matter.

Dated: December 5, 2017

LEVIN SIMES LLP

Shannon S. Patel
Attorney for Plaintiff

931908_1                    - 1 -      PLAINTIFF'S NOTICE OF POSTING JURY FEE DEPOSIT



| | | SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | | | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles |
|---|---|---|---|---|---|

**COURT ADDRESS:**
111 N. Hill Street, Los Angeles, CA 90012

**PLAINTIFF:**
MARY JEAN GOULD

**DEFENDANT:**
ALBERTSONS COMPANIES, LLC, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO SAV-ON DRUGS, INC.

**CIVIL DEPOSIT**

DEC 06 2017

Sherri R. Carter, Executive Officer/Clerk
By: _____, Deputy
Moses Soto

**CASE NUMBER:**
BC 685 953

CLERK: PREPARE A FORM FOR EACH DEPOSITOR PAYING SEPARATELY

PLEASE REPORT TO THE CLERK'S OFFICE/CASHIER:
[X] Room 102, Central Civil   [ ] Clerk's Office , Room_____   [ ] Department Number_____

| | | Distribution Codes | Amt Due | | | Distribution Codes | Amt Due |
|---|---|---|---|---|---|---|---|
| [ ] | 251 | DAILY JURY FEES Dates:____ # of day(s)____ x$____ | | [ ] | 74 | DEPOSIT IN TRUST | |
| [X] | 72 | JURY FEES Trial Date: TBD (Initial Deposit) $ 150 | | [ ] | 101 | FIRST PAPERS- GENERAL JURISDICTION | |
| [ ] | 252 | REPORTERS FEES Dates:____ # of 1/2 day(s)____ x$____ Full Day____ | | [ ] | 101 | FIRST PAPERS-LIMITED OVER $10,000 | |
| | | | | [ ] | 141 | With declaration Limited to $10,000 (per B&P 6322.1(a)) | |
| | | | | [ ] | 130 | Limited to $10,000 | |
| [ ] | 721 | SANCTIONS ORDERED ON Date:____ | | [ ] | 211 | RECLASSIFICATION FEE | |
| [ ] | 213 | MOTIONS/APPLICATION TO CONT. HEARING | | [ ] | 150 | COMPLEX LITIGATION TRIAL/PLAINTIFF | |
| | 200 | MOTIONS/APPLICATION TO CONT.TRIAL | | [ ] | 151 | COMPLEX LITIGATION TRIAL/DEFENDANT | |
| | | Other: | | | | | |

To be paid via:   [ ] Cash   [X] Check   [ ] Certified Check/Money Order   [ ] Credit Card

[ ] On or Before_____   [ ] Forthwith

Payment will be made by   [X] Plaintiff_____   [ ] Defendant_____

JOHN A. CLARKE, Executive Officer/Clerk
DATE DEC 5, 2017   BY: _____
Deputy Clerk

**TO BE COMPLETED BY DEPOSITOR**          **CASHIER'S VALIDATION**

Depositor's Name: _____

[ ] Plaintiff in Pro Per   [ ] Defendant in Pro Per

[ ] Counsel for   [X] Plaintiff MARY JEAN GOULD
Name of Party

[ ] Defendant _____
Name of Party

Address of depositor   44 Montgomery Street, 32nd Floor
Street
San Francisco, CA 94104
City/State/Zip

CIV 083 03-04 (Rev. 05/06)
LASC Approved

**CIVIL DEPOSIT**
Distribution: Original - Case File   Copy-Customer

LASC - FILINGS
111 N. HILL STREET
LOS ANGELES CA 90012

DATE PAID: 12/06/17   12:16 PM
RECEIPT #: CCH524880070

CIT/CASE:  BC685953
LEA/DEF#:

PAYMENT:    $1,435.00        310
RECEIVED:
   CHECK:              $1,435.00
   CASH:                 $0.00
   CHANGE:               $0.00
   CARD:                 $0.00

LASC - FILINGS
111 N. HILL STREET
LOS ANGELES CA 90012

DATE PAID: 12/06/17   12:17 PM
RECEIPT #: CCH524880071

CIT/CASE:  BC685953
LEA/DEF#:

PAYMENT:    $150.00          310
RECEIVED:
   CHECK:                $150.00
   CASH:                 $0.00
   CHANGE:               $0.00
   CARD:                 $0.00

| | |
|---|---|
| 1 | WILLIAM A. LEVIN, ESQ. (SBN 98592) |
| 2 | LAUREL L. SIMES, ESQ. (SBN 134637)<br>SHANNON S. PATEL, ESQ. (SBN 239314) |
| | **LEVIN SIMES LLP** |
| 3 | 44 Montgomery Street, 32nd Floor<br>San Francisco, CA 94104 |
| 4 | Telephone:    (415) 426-3000<br>Facsimile:    (415) 426-3001 |
| 5 | wlevin@levinsimes.com<br>llsimes@levinsimes.com |
| 6 | spatel@levinsimes.com |

Attorneys for Plaintiff
MARY JEAN GOULD

CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles

DEC 0 6 2017

Sherri R. Carter, Executive Officer/Clerk<br>By: _____ , Deputy<br>Moses Soto

# SUPERIOR COURT OF CALIFORNIA

# COUNTY OF LOS ANGELES

## (UNLIMITED JURISDICTION)

| | |
|---|---|
| MARY JEAN GOULD | Case No.   BC 6 8 5 9 5 3 |
| Plaintiffs, | **PRELIMINARY FACT SHEET**<br>(Personal Injury Complaint) |
| vs. | |
| ALBERTSONS COMPANIES, LLC,<br>INDIVIDUALLY AND AS SUCCESSOR-IN-<br>INTEREST TO SAV-ON DRUGS, INC.;<br>ALBERTSONS COMPANIES, LLC,<br>INDIVIDUALLY AND AS SUCCESSOR-IN-<br>INTEREST TO THE VONS COMPANIES, INC.;<br>ALBERTSONS COMPANIES, INC.,<br>INDIVIDUALLY AND AS SUCCESSOR-IN-<br>INTEREST TO SAV-ON DRUGS, INC.;<br>ALBERTSONS COMPANIES, INC.,<br>INDIVIDUALLY AND AS SUCCESSOR-IN-<br>INTEREST TO THE VONS COMPANIES, INC.;<br>ALBERTSON'S LLC, FKA ALBERTSON'S,<br>INC., INDIVIDUALLY AND AS SUCCESSOR-<br>IN-INTEREST TO SAV-ON DRUGS, INC.;<br>ALBERTSON'S LLC, FKA ALBERTSON'S,<br>INC., INDIVIDUALLY AND AS SUCCESSOR-<br>IN-INTEREST TO THE VONS COMPANIES,<br>INC.;<br>BRENNTAG NORTH AMERICA, INC.,<br>INDIVIDUALLY AND AS SUCCESSOR-IN-<br>INTEREST TO MINERAL PIGMENT<br>SOLUTIONS, INC. AND AS SUCCESSOR-IN-<br>INTEREST TO WHITTAKER, CLARK &<br>DANIELS, INC.; | |

| | | |
|---|---|---|
| 929978_1 | 1 | PRELIMINARY FACT SHEET (Personal Injury<br>Complaint) |

1   | BRENNTAG SPECIALTIES, INC. FKA
    | MINERAL PIGMENT SOLUTIONS, INC.,
2   | INDIVIDUALLY AND AS SUCCESSOR-IN-
    | INTEREST TO WHITTAKER, CLARK &
3   | DANIELS, INC.;
    | CBS CORPORATION, A DELAWARE
4   | CORPORATION, FORMERLY KNOWN AS
    | VIACOM INC., SUCCESSOR BY MERGER TO
5   | CBS CORPORATION, A PENNSYLVANIA
    | CORPORATION, FORMERLY KNOWN AS
6   | WESTINGHOUSE ELECTRIC CORPORATION;
7   | CVS PHARMACY, INC., INDIVIDUALLY AND
    | AS SUCCESSOR-IN-INTEREST TO SAV-ON
8   | DRUGS, INC.;
    | HONEYWELL INTERNATIONAL, INC., FKA
9   | ALLIED SIGNAL INC., INDIVIDUALLY AND
    | AS SUCCESSOR-IN-INTEREST TO THE
10  | BENDIX CORPORATION;
    | IMERYS TALC AMERICA, INC.,
11  | INDIVIDUALLY AND AS SUCCESSOR-IN-
    | INTEREST TO LUZENAC AMERICA, INC.
12  | SUCCESSOR-IN-INTEREST TO CYPRUS
    | INDUSTRIAL MINERALS COMPANY;
13  | JOHNSON & JOHNSON;
    | JOHNSON & JOHNSON CONSUMER INC.;
14  | MCCOWAN FOODS, INC.;
    | THE VONS COMPANIES, INC.;
15  | UNION CARBIDE CORPORATION;
    | WHITTAKER, CLARK & DANIELS, INC.;
16  | and the FIRST DOE through THREE
    | HUNDREDTH DOE, inclusive,
17
18  |                          Defendants.

19  ## I. BACKGROUND INFORMATION

20  Name:  MARY JEAN GOULD

21  Last Address:  74860 Cotton Tail Court  City: Thousand Palms      State: CA

22  Number of years at last address: 22 years

23  Number of years living in current state:  more than 80 years

24  Date of Birth: November 29, 1929

25  Based on the current facts, do plaintiff(s) intend on filing a motion for preference?

26  __X__ Yes _____No _____ Do Not Know

27  Have you received, or have you applied for, Medicare benefits or Social Security Disability benefits?

28  __X__ Yes ____ No

929978_1                               2        PRELIMINARY FACT SHEET (Personal Injury
                                                 Complaint)

Have you ever resided in California?_X_ Yes __ __ No.  If YES, please provide cities in California where you resided and the dates you resided in each city.

City:                                                                  Dates:

Los Angeles, CA; Oakland, CA; Daly City, CA;

San Pedro, CA; Thousand Palms, CA                          1929 to present

## II. EXPOSURE

Date of first claimed Asbestos Exposure:    Approximately 1940s

Date of last claimed asbestos exposure:  Approximately 1979

For each asbestos-containing product to which you claim you were exposed, please provide the following information (fill in the chart):

| Defendant | Product at Issue | Dates of Exposure | Employer | Location of Exposure | Type of Exposure |
|---|---|---|---|---|---|
| JOHNSON & JOHNSON; JOHNSON & JOHNSON CONSUMER INC. | Johnson & Johnson Baby Powder and Shower to Shower talcum powder | Approximately 1940s -1979 | Not applicable | Plaintiff's residence | Personal use of talcum powder products |
| BRENNTAG NORTH AMERICA, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO MINERAL PIGMENT SOLUTIONS, INC. AND AS SUCCESSOR-IN-INTEREST TO WHITTAKER, CLARK & DANIELS, INC.; BRENNTAG SPECIALTIES, INC. FKA MINERAL PIGMENT SOLUTIONS, INC., INDIVIDUALLY | Talc supplier | Approximately 1940s -1979 | Not applicable | Plaintiff's residence | Personal use of talcum powder products |

929978_1                                          3        PRELIMINARY FACT SHEET (Personal Injury Complaint)

| | | | | | |
|---|---|---|---|---|---|
| AND AS SUCCESSOR-IN-INTEREST TO WHITTAKER, CLARK & DANIELS, INC.; IMERYS TALC AMERICA, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO LUZENAC AMERICA, INC., SUCCESSOR-IN-INTEREST TO CYPRUS INDUSTRIAL MINERALS COMPANY; WHITTAKER, CLARK & DANIELS, INC. | | | | | |
| ALBERTSONS COMPANIES, LLC, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO SAV-ON DRUGS, INC.; ALBERTSONS COMPANIES, LLC, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO THE VONS COMPANIES, INC.; ALBERTSONS COMPANIES, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO SAV-ON DRUGS, INC.; ALBERTSONS COMPANIES, INC., INDIVIDUALLY | Supplier of Johnson & Johnson Baby Powder and Shower to Shower talcum powder | Approximately 1940s -1979 | Not applicable | Plaintiff's residence | Personal use of talcum powder products |

4   PRELIMINARY FACT SHEET (Personal Injury Complaint)

| AND AS SUCCESSOR-IN-INTEREST TO THE VONS COMPANIES, INC.; ALBERTSON'S LLC, FKA ALBERTSON'S, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO SAV-ON DRUGS, INC.; ALBERTSON'S LLC, FKA ALBERTSON'S, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO THE VONS COMPANIES, INC.; CVS PHARMACY, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO SAV-ON DRUGS, INC.; MCCOWAN FOODS INC.; THE VONS COMPANIES INC. | | | | | |
|---|---|---|---|---|---|

Have you ever served in the military?_____   Yes   __X__ No

If yes:  Not applicable.

    (a) Identify the branch of service:

    (b) Identify the dates of service:

    (c) Identify the rank and title:

### III. MEDICAL HISTORY

1.    Which of the following diseases have you been diagnosed with?

  __X__    Mesothelioma (pleural)

929978_1            5      PRELIMINARY FACT SHEET (Personal Injury Complaint)

1      _____      Mesothelioma (peritoneal)

2      _____      Lung Cancer – Squamous Cell/Adenocarcinoma/Small Cell/Other (circle one)

3      _____      Asbestosis

4      _____      Pleural Disease

5      _____      Other   Specify:

6   2.     Date of diagnosis and name of diagnosing doctor (per disease, if more than one):

7      September 7, 2017; Joline H. Abrahams, M.D.

8   3.     Does any pathology material exist for the individual claiming an asbestos-related injury?

9      X   Yes \_\_\_\_\_ No

10 If YES, please identify what material exists and where it is presently located:

11 Accession # 694-S-17-006191; Desert Regional Medical Center, 1150 N. Indian Canyon, Palm Springs,

12 CA 92262.

13   4.     Have you ever smoked?

14      Other than trying a couple of cigarettes as a teenager plaintiff was a non-smoker.

16 Dated: December 5, 2017          **LEVIN SIMES LLP**

18                    Shannon S. Patel

19                    Attorneys for Plaintiffs